TOONG K LEE
2828 West Lincoln Avenue Apt 129
Anaheim, CA 92801
(562) 405-5335
edwl68@yahoo.com
Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
AUG - 4 2022
CENTRAL DISTRICT OF CALIFORNIA
BY DTA DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Toong K Lee,<br>**Plaintiff,**<br>VS.<br><br>JP MORGAN CHASE BANK, N.A.<br>(DOES 1-5)<br>Hunt & Henriques, Attorneys at Law<br>Kevin Brendon Buiza #318691<br>Ken L. Salet #318913<br><br>**DEFENDANT(S).** | Case No. 8:22cv1447-DOC-KESx<br><br>**COMPLAINT FOR:**<br><br>unlawful DEBT COLLECTION PRACTICES<br><br>unlawful ROSENTHAL FAIR DEBT COLLECTION PRACTICES<br><br>FAIR CREDIT REPORTING ACT<br><br>**Jury Trial Demanded:** Yes |

## I. COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and the California Rosenthal Act, Civil Code § 1788.2 et. seq. (Rosenthal Act) both of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

2. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et. seq. (FCRA) which prohibits furnishers from reporting false and inaccurate information.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under: 15 U.S.C. sec. 1692 k (d), 15 U.S.C. sec. 1681(p)(b), and 28 U.S.C. sec. 1331,1337. Supplemental jurisdiction exist for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b) where that the defendant transact business here and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff's name is: Toong K Lee resided at California. Plaintiff is a consumer within the meaning of 15 U.S.C. sec. 1692 a (3), 15 U.S.C.§ 1681 a (c).

5. Defendant: JP MORGAN CHASE BANK, N.A. (DOES) is a "debt collector" within the meaning of 15 U.S.C. 1692 a(6); a furnisher of information within the meaning 15 U.S.C. § 1681 a(b) doing the business of collecting debts in California, operating from an address: 7117 Realm Dr. San Jose, CA 95119.

6. Defendants are engaged in the collection of debts from consumer using the mail and telephone. Defendants regularly engaged as furnishers of consumer Transunion, Experian, Equifax credit file. Defendant regularly attempt to collect consumer debt alleged to be due to another.

7. The true names and capacities, whether individual, corporate ( including officers and directors thereof), associates or otherwise of Defendant sued herein as DOES 1-5, inclusive, are unknown to plaintiff, who therefore sues these Defendant(s) by such fictitious names. Plaintiff is informed and believes, and all alleges that each Defendant designated as DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8. The purported debt that defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h)

10. The purported debt that defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

11. Experian, Transunion, Equifax is a credit reporting agency within the meaning of FCRA 15 U.S.C. § 1681a(f).

12. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681 a (d).

13. FCRA 15 U.S.C. § 1681 b defines the permissible purposes for which a person may obtain a consumer credit report. Such permissible purposes as defined by 15 U.S.C. 1681b are generally if the consumer makes applications for credit, makes application for employment, for under writing of insurance involving the consumer, or is offered a bonafied offer of credit as a result of the injury.

14. Plaintiff has never had any business dealing or any accounts with made applications for credit from, made application for employment with, applied for insurance from or received a bonafied offer of credit from the defendant.

### IV. STATEMENT OF FACTS

15. Plaintiff has two inactive credit card accounts charged off with JP MORGAN CHASE BANK, N.A., a nationally recognized credit card provider.

16. The inactive credit card account in question as furnished by JP MORGAN CHASE BANK, N.A. are as follows: # 4147202404439067

17. The inactive credit card account in question as furnished by JP MORGAN CHASE BANK, N.A. are as follows: # 4266841601519364

18. Beginning around July, 2018, an imposter, using Plaintiff name and his previous address on 15700 Belshire Ave Apt 23, Norwalk, California, submitted a credit applications to JP MORGAN CHASE BANK, N.A.

19. JP MORGAN CHASE BANK, N.A. granted the imposter's application and sent the imposter credit cards # 4147202404439067 and # 4266841601519364 in Plaintiff's name.

20. In February, 2021, JP MORGAN CHASE BANK, N.A. discovered the fraud, closed and charged off the account # 4147202404439067.

21. In July, 2021, JP MORGAN CHASE BANK, N.A. discovered the fraud, closed and charged off the account # 4266841601519364.

22. Plaintiff sent his sequence of following first letters to the 3 credit bureau agencies (Transunion, Experian, Equifax) disputing the closed accounts negatively being reported as of 01/2021 and 02/20221 by Defendant.

23. On October, 2021, Plaintiff secured his Transunion, Equifax, Experian credit report from www.annualcreditreport.com.

24. The Transunion, Experian, Equifax, general policy and procedure for investigating disputed information is to contact by mail or telephone the source of the information. Each source is advised for consumer dispute and is requested to verify the accuracy and/or completeness of the information reported.

25. Plaintiff disputed with the three credit bureau reporting agency(s) inaccurate information being reported. Plaintiff requested in writing to the Defendant JP MORGAN CHASE BANK, N.A. certified mail and requested of defendant to show proof of debt (debt validation request) upon 30 day notice to reply in accordance with FDCPA 15 U.S.C. §1692 g. 15 U.S.C. 1681i, also informing defendant(s) of their violations of the FCRA. I am not in receipt of any original document which verifies that I have a contract with JP MORGAN CHASE BANK, N.A. I am not in receipt of any original document which verifies that I have a contract with JP MORGAN CHASE BANK, N.A. or DOES.

26. In order to comply with Section 623(b) when a consumer disputes the accuracy of information reported by the defendant to a consumer reporting agency, defendant shall either verify the information with the original records within the time period set forth in the Fair Credit Reporting Act or all necessary steps to delete the information from the files of all consumer

reporting agencies to which the information was reported.

27. The reports is misleading to such an extent that it can be expected to adversely affect credit decisions. Plaintiff had no knowledge (Defendants) was re-reporting on his credit profile.

28. Defendant(s) continued pursue in attempt to collect on the any alleged debt without proper validation constitute non-compliance and total disregard of federal law. State Case # 30-2021-01224687-CL-CL-CJC and # 30-2021-01229936-CL-CL-CJC are actions in attempt to collect debt.

29. As a result of the acts alleged above, the defendant has not proved or established that I am the person who applied for or used this credit card. Plaintiff has suffered multiple stressful events and stress related symptoms: headaches, worry, trouble sleeping, weight loss and economic discomfort.

30. Plaintiff did / do not believe that he owe the alleged debt to JP MORGAN CHASE BANK, N.A., moreover Plaintiff had no way of determining whether the JP MORGAN CHASE BANK, N.A. DOES demanded was a fair and accurate calculation of the JP MORGAN CHASE BANK, N.A. account # 4147202404439067 and # 4266841601519364.

31. JP MORGAN CHASE BANK, N.A. and JP MORGAN CHASE BANK, N.A. is a subsidiary of another corporation, which does not issue Plaintiff

account and does not seek collection on the account. JP MORGAN CHASE BANK, N.A. and DOES violates the Rosenthal and FDCPA Act as well as, and not limited to the FCRA.

32. Defendant(s) at no time has communicated with plaintiff what justification they may have had to obtain Plaintiff (consumer) profile.

33. Plaintiff discovery of violations brought forth herein occurred in February 2018 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p FDCPA 15 U.S.C. § 1692 k (d).

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Violations of FDCPA 15 U.S.C. 1962 et.,seq.

**(As against Defendant(s):** JP MORGAN CHASE BANK, N.A. (DOES 1-5)

34. Plaintiff re-alleges and incorporates paragraphs 15-31. Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b) The Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the debt;

(c) The Defendant violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(d) The Defendant violated 15 U.S.C. § 1692 f by using unfair or unconscionable means to collect or attempt to collect a debt;

(e) The Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law.

35. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees and costs Pursuant to 15 U.S.C. § 1692k

## SECOND CAUSE OF ACTION

Violation of FCRA 15 U.S.C. SEC. 1681 b

**As against Defendant(s):** JP MORGAN CHASE BANK, N.A. (DOES 1-5)

36. Plaintiff re-alleges and incorporates by reference all of the foregoing paragraph.

37. Defendant violated the FCRA, Defendant violation include, but are not limited to, the following:

(a) The Defendant violated FCRA 15 U.S.C. § 1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

(b) The Defendant is a furnisher of information within the meaning of the FCRA 15 U.S.C. § 1681s-2(b)(1)(A)

(c) by after receiving notice pursuant to § 1681i of dispute with to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(d) Plaintiff re-alleges and incorporate by reference all foregoing paragraphs. Based on the foregoing consumer credit reports. Defendant(s) willfully violated the FCRA 15 U.S.C. § 1681s-2(b)(c) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information the Plaintiff pertaining to the account.

38. Actions on the part of defendant demonstrates a willful disregard for federal law and constitutes a blatant attempt to injure or ruin the credit rating of plaintiff since defendant has demonstrated an inability to validate

the alleged debt and subsequently attempted coerce payment. 15 U.S.C sec. 1681.

39. As a result of the above violations of the FCRA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and court fees and costs Pursuant to 15 U.S.C. § 15 U.S.C. §1681n (a) (3) and 15 U.S.C. §1681o (a).

## I. REQUEST FOR RELIEF

**WHEREFORE,** the Plaintiff requests: That this court grant judgement against defendant(s) each for first claim for relief

40. 1.) Actual damages in the amount of **$9,000.00.** 2.) Punitive & Statutory damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k, **$ 1,000 per defendant** & Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788.30 (b) **$1,000.00** per defendant 3.) Cost and reasonable fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code § 1788.30 (c) determined by jury. 4.) Any relief as this Honorable Court see fit.

41. That this court grants judgment against defendant(s) each for second for relief 1.) Actual damages in the amount of **$9,000.00** 2.) Punitive and Statutory damages in the amount of **$ 9,000.00** FCRA 15 U.S.C. sec.1681b, 1681i, 1681s-2, 1681 n & o **$1000.00** per bureau defendant 3.) Court fees cost to be determined by jury 4.) Any relief as court see fit.

**42.** Actual damages in the amount of **$9,000.00** 2.) Punitive & Statutory damages 15 U.S.C. sec. 1692 d (1), 1692 e, 1692 f (6) 1692 g Remedies 1692 k, **$ 1,000** & Rosenthal Act § 1788.30 **$1,000.00** per defendant 3.) Legal cost and fees determined by jury. 4.) Any relief as the court see fit.

Date: 8/4/2022

Sign: *[signature]*

Print Name: Toong K Lee

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial by jury on all issues so triable as a matter of law.

Date: 8/4/2022

Sign: *[signature]*

Print Name: Toong K Lee